## IN THE CIRCUIT COURT OF MISSISSIPPI, TUNICA COUNTY

**SUNG SIL MOON**
    **Plaintiff,**

v.                                                  Docket No. 2021-004*/*
                                                                          **JURY DEMANDED**

**ROBINSON PROPERTY GROUP, LLC**
**d/b/a HORSESHOE CASINO**

    **Defendants.**

## AMENDED COMPLAINT

COMES NOW the Plaintiff, by and through undersigned counsel, and for a civil action against the Defendants, files this Amended Complaint, and for cause of action states as follows:

### I.

### PARTIES

1. At all times material hereto, the Plaintiff, Sung Sil Moon, is an adult resident of Germantown, Tennessee.

2. At all times material hereto, the Defendant, Robinson Property Group, LLC, d/b/a Horseshoe Casino (hereinafter referred to as, "Horseshoe,") was a local corporation and operating for business in and by virtue of the laws of Mississippi with its principal office located at 1021 Casino Center Drive, Robinsonville, MS 38667. At all times material hereto, this defendant was operating under contract or contracts with Horseshoe Tunica, LLC. This Defendant may be served with process via its registered agent for service of process, Corporation Service Company, at 7716 Old Canton Road Ste. C, Madison, Mississippi, 39110.

**F I L E D**

JUN 04 2021

TUNICA COUNTY, MISS.
SHARON G. REYNOLDS, CIRCUIT CLERK
BY_____

1

## II.

## JURISDICTION AND VENUE

1. This is an action in tort arising out of or relating to personal injuries sustained in Robinsonville, Tunica County, Mississippi, that occurred on or about May 5, 2018.

2. All acts complained of occurred in the city of Robinsonville, Tunica County, Mississippi.

3. All defendants are corporate citizens lawfully operating for business in Tunica County, Mississippi.

4. The Court has jurisdiction of this matter and venue is proper.

5. The Complaint in this matter was filed within three (3) years of the alleged negligent acts, thus this lawsuit is timely filed.

## III.

## STATEMENT OF FACTS

6. On or about May 5, 2018, Plaintiff was an invitee of Horseshoe, patronizing the establishment's games of chance.

7. While walking through a corridor near the restroom facilities, Plaintiff slipped on a clear substance on the flooring of the casino that was not visible to the Plaintiff, causing her to fall on the hard, marble or marble-like landing on her left side. Plaintiff suffered severe and painful injuries to her left arm resulting from the fall.

8. At no time were there any notices or warnings alerting the Plaintiff to the dangerous condition that caused her injuries. At no time did any agent, employee, or representative of the Defendants notify Plaintiff of the dangerous condition.

9. After sustaining her injuries, Plaintiff was taken via emergency transport to Baptist Memorial Hospital – Desoto in adjacent Desoto County, Mississippi, where she was treated for her injuries and released.

IV.

## CAUSES OF ACTION

### A. NEGLIGENCE AND GROSS NEGLIGENCE

10. The plaintiff hereby incorporates all of the above allegations as if they were realleged herein.

11. At all times pertinent hereto, Defendants owed a duty of care to the Plaintiff and others similarly situated, to act as reasonable prudent persons would in the operation of their business.

12. Defendants breached this duty of care owed to the Plaintiff by negligently maintaining or failing to maintain their premises in a safe and reasonable manner.

13. As a direct, proximate, and foreseeable result of the breaches of duties of care owed to the Plaintiff by the Defendants, the Plaintiff suffered injuries and damages as set forth herein.

### B. PREMISES LIABILITY

14. The plaintiff hereby incorporates all of the above allegations as if they were realleged herein.

15. Defendants owed the Plaintiff a duty of reasonable care as she was an invitee onto their establishment property.

16. Plaintiff's injuries were a reasonably foreseeable probability. The gravity of the harm suffered by the Plaintiff along with the foreseeability of the dangerous condition, more probably than not could have been prevented by some action on the part of the Defendants.

17. As the Defendants were in a better position to know the extent of the dangerous condition in its business, they and their employees were better equipped than the Plaintiff to take measures to repair, remove, or warn of the dangerous condition.

18. Foreseeability and gravity of the harm to the Plaintiff outweighs the burden on the Defendants. In failing to take such preventative actions, Defendants breached their duty to the Plaintiff and displayed a conscious disregard for the health, safety, and welfare of the public and the Plaintiff in particular.

19. As a direct, proximate, and foreseeable result of the breaches of duties of care owed to the Plaintiff by Defendants, the Plaintiff suffered injuries and damages as set forth specifically herein.

## V.
## DAMAGES

20. The plaintiff hereby incorporates all of the above allegations as if they were realleged herein

21. As a direct, proximate, and foreseeable result of the breaches of duties, acts, errors, and/or omissions on the part of the Defendants as described herein, the Plaintiff has suffered injuries and damages to her left arm. As a direct and proximate result of the negligent actions of the Defendants, the Plaintiff suffered conscious pain and suffering, severe and painful injuries.

22. As a direct and proximate result of the negligent actions of the Defendants, the Plaintiff suffered mental distress, loss of enjoyment of life, and lost earning capacity.

## VI.
## PRAYER

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff respectfully prays for the following:

1. That proper process issue against the Defendants requiring them to plead and answer within the time prescribed by law;

2. That a jury be empaneled to hear this cause of action;

3. That Plaintiff be allowed to freely amend her complaint upon the completion of the investigation/discovery aspects of this litigation;

4. That judgment be awarded to the Plaintiff;

5. For compensatory damages to be determined at the trial of this matter;

6. For interest, costs, and such other further relief, both general and specific as the Plaintiff may be statutorily entitled.

Respectfully submitted,

*[signature]*

John W. Christopher
CHRISTOPHER LAW OFFICE, PLLC
4780 I-55 North, Suite 100-14
Lefleur's Bluff Tower
Jackson, MS. 39211
(601) 259-5287 Telephone
(601) 709-4611 Facsimile
john@jchristopherlaw.com
*Attorney for Plaintiff*

6