**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**SUNG SIL MOON**                                                                      **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 3:21-CV-00123-GHD-RP**

**ROBINSON PROPERTY GROUP, LLC,
D/B/A HORSESHOE CASINO, AND
FULL SERVICE SYSTEMS CORP.**                                         **DEFENDANTS**

**AND**

**ROBINSON PROPERTY GROUP, LLC
D/B/A HORSESHOE CASINO**                                               **CROSS-PLAINTIFF**

**v.**

**FULL SERVICE SYSTEMS CORP.**                                       **CROSS-DEFENDANT**

**OPINION GRANTING DEFENDANT/CROSS-PLAINTIFF ROBINSON PROPERTY
GROUP'S MOTION FOR SUMMARY JUDGMENT AS TO INDEMNITY CLAIM**

Presently before the Court is the Motion for Summary Judgment as to Indemnity Claim filed by Defendant/Cross-Plaintiff Robinson Property Group, LLC, d/b/a Horseshoe Casino, [34] (herein "Robinson Property Group") against Defendant/Cross-Defendant Full Service Systems Corp. (herein "Full Service Systems"), following the instigation of these proceedings through a Complaint and Amended Complaint [2] filed by Plaintiff Sung Sil Moon in the Circuit Court of Tunica County, Mississippi, and subsequently removed to this Court [1]. In said Amended Complaint, the Plaintiff alleges that Robinson Property Group is liable for damages resulting from an alleged slip and fall that occurred on Robinson Property Group's premises [2]. In response to the Plaintiff's Complaint, Robinson Property Group filed its Motion seeking a judicial declaration that Full Service Systems must indemnify Robinson Property Group and defend against the claims

1

asserted by the Plaintiff in the case *sub judice* [34 at 2]. For the reasons stated herein, Robinson Property Group's Motion for Summary Judgment as to Indemnity Claim shall be granted.

## I.      Factual and Procedural Background

The Plaintiff is a resident of Germantown, Tennessee [2 at ¶ 1]. Robinson Property Group is a corporation with its principal office and business establishment located in Robinsonville, Mississippi, and operating under contract with Horseshoe Tunica, LLC [*Id.* at ¶ 2]. On June 15, 2021, the Plaintiff filed her Amended Complaint in the Circuit Court of Tunica County, Mississippi, in which she alleges that she slipped on a clear substance on the floor in a corridor near one of the restrooms at Robinson Property Group's business establishment, causing her to fall to the ground and injure her left arm [*Id.* at ¶¶ 6-7]. She further alleges that there were no warnings that would have alerted her to the dangerous condition caused by the clear substance on the floor, and that none of Robinson Property Group's agents, employees, or representatives warned her about the condition on the floor [*Id.* at ¶ 8]. In this Amended Complaint, she alleges that Robinson Property Group is liable to her for damages under theories of negligence and gross negligence and premise liability [*Id.* at ¶¶ 10-22].

In her Amended Complaint filed with this Court on August 23, 2021, the Plaintiff includes Full Service Systems in her allegations [17]. Full Service Systems is a corporation with its principal office located in Miami Lakes, Florida [*Id.* at ¶ 3]. It operates a janitorial business, and provides its services under contract to Robinson Property Group for the latter's business establishment in Robinsonville, Mississippi [*Id.* at ¶ 6]. The Plaintiff alleges that it was the responsibility of Full Service Systems to keep the floors clean at Robinson Property Group's business establishment, and that Full Service Systems shares in the liability for the damages caused by the unclean floor [*Id.* at ¶¶ 6-24].

On September 1, 2021, Robinson Property Group filed its Answer to the Plaintiff's Second Amended Complaint [22]. In this document, Robinson Property Group also filed its Cross-Claim for Indemnity against Full Service Systems [*Id.*]. In its Cross-Claim, Robinson Property Group alleges that it and Full Service Systems Corp. were parties to a Provider Services Agreement, through which it was agreed that the latter would provide custodial and cleaning services to the former [*Id.* at ¶ V]. Robinson Property Group further alleges that the Provider Services Agreement required Full Service Systems to "indemnify, defend and hold harmless" Robinson Property Group for any claims "arising out of or related in any way" to the services provided by Full Service Systems to Robinson Property Group [*Id.* at ¶ VI]. Likewise, Robinson Property Group alleges that the Plaintiff's claims fall under this category [*Id.* at ¶ VII]. Thus, through its Cross-Claim, Robinson Property Group is seeking an order from the Court that would require Full Service Systems to comply with the terms of the Provider Services Agreement and "indemnify, defend and hold harmless" Robinson Property Group [*Id.* at ¶ VIII].

On September 13, 2021, Full Service Systems filed its Answer and Defenses to Robinson Property Group's Cross-Claim for Indemnity [28]. In it, Full Service Systems admitted to being a party to the Provider Services Agreement with Robinson Property Group [Id. at ¶ V]. It denied the other substantive allegations in the Cross-Claim [28].

On November 18, 2021, Robinson Property Group filed its Motion for Summary Judgment as to Indemnity Claim against Full Service Systems [34], along with the corresponding Memorandum in Support [35]. In these documents, Robinson Property Group reiterates the claims it previously expressed in its Cross-Claim [34; 35]. Full Service Systems has failed to respond to this Motion.

The matter is now ready for review.

3

## II.     Legal Standards

Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). This rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. The party moving for summary judgment bears the burden of identifying its basis for the motion, and must point to specific parts of the record that support its contention of an absence of a genuine dispute of material fact. *Id.* at 323.

After the moving party does so, the burden shifts to the non-moving party, which must "go beyond the pleadings and by … affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When there is a dispute about the facts, the Court must view the facts in the light most favorable to the non-moving party and likewise must draw reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F.App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)). Although "'[a] motion for summary judgment cannot be granted simply because there is no opposition….,' …a court may grant an unopposed summary judgment motion

4

if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

Any claim that is not raised in a response to a defendant's motion for summary judgment is deemed to be waived. *Aldrup v. Caldera*, 274 F.3d 282, 288 (5th Cir. 2001). Moreover, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (citing *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas*, 136 F.3d at 458. That said, summary judgment "must be used cautiously or it may lead to drastic and lethal results." *Murrell v. Bennett*, 615 F.2d 306, 309 (5th Cir. 1980).

### III.     <u>Analysis</u>

The Court bases its conclusions on the language of the Provider Services Agreement between Robinson Property Group and Full Service Systems. The relevant section of that Agreement reads that Full Service Systems "shall defend at its expense, indemnify, and hold harmless, [Robinson Property Group]…from and against all claims…that result from or in any way related to…death or injury arising out of [Full Service Systems]'s negligent acts or omissions" [34-2 at 6-7, § 11(a)]. This Agreement states that Full Service Systems would provide cleaning services to Robinson Property Group [34-2]. According to Robinson Property Group, the area in which the alleged slip and fall occurred was part of the area that Full Service Systems was required to clean [34 at ¶ IV]. Robinson Property Group supports this contention with an Affidavit from its Manager of Guest Service and Centralized Scheduling, Pamela Cook [34-3]. Given this

5

evidence and the undisputed nature of the motion, it can be established as undisputed facts that the alleged slip and fall occurred in an area that Full Service Systems was required to clean under the Provider Services Agreement, that the Plaintiff's claims arise out of alleged negligence in failing to appropriately clean said area, and that said Agreement requires Full Service Systems to indemnify and defend Robinson Property Group from claims arising out of Full Service System's alleged negligence in failing to appropriately clean certain areas, as required under the Provider Services Agreement. Given these facts, a finding in favor of summary judgment is warranted.

## IV. Conclusion

For the above-stated reasons, the Court finds that Robinson Property Group has successfully made their case in favor of summary judgment as to its indemnity claim against Full Service Systems. For that reason, Robinson Property Group's Motion for Summary Judgment as to Indemnity Claim [34] is well-taken, and shall be granted.

An Order in accordance with this Opinion shall issue this day.

THIS, the 21st day of April, 2022.

_____
SENIOR U.S. DISTRICT JUDGE