IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| SUNG SIL MOON | PLAINTIFF |
| VS. | CAUSE NO. 3:21-cv-00123-GHD-RP |
| ROBINSON PROPERTY GROUP, LLC d/b/a HORSESHOE CASINO | DEFENDANT |
| AND | |
| ROBINSON PROPERTY GROUP, LLC d/b/a HORSESHOE CASINO | CROSS-PLAINTIFF |
| VS. | |
| FULL SERVICE SYSTEMS CORP. | CROSS-DEFENDANT |

<u>JUDGMENT ON CROSS-CLAIM FOR INDEMNITY PURSUANT TO RULE 54(B)</u>

Presently before the Court is the Defendant/Cross-Plaintiff's unopposed motion [49] for entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure regarding the Court's previous ruling [40, 41] that the Defendant/Cross-Plaintiff is entitled to indemnity from the Cross-Defendant in this matter, including indemnifying the Defendant/Cross-Plaintiff for the attorney's fees and costs it reasonably previously incurred in this proceeding. Upon due consideration, the Court finds that the Defendant/Cross Plaintiff's request is reasonable, and the Court shall therefore grant the subject motion and enter the requested judgment in favor of the Defendant/Cross-Plaintiff pursuant to Rule 54(b).

In this matter, the Plaintiff filed suit against the Defendant for damages resulting from a slip-and-fall accident that occurred on the Defendant's premises. The Defendant subsequently filed a cross-claim against Full Service Systems Corp. seeking indemnity regarding the Plaintiff's claims. The Defendant/Cross-Plaintiff then moved for summary judgment on its indemnity claim,

which the Court granted [40,41]. In the Order granting summary judgment as to the indemnity claim, the Court ordered, *inter alia*, that the Cross-Defendant pay the Defendant/Cross-Plaintiff's "attorney's fees and costs incurred thus far in this proceeding." [41]. The Defendant/Cross-Plaintiff now moves the Court for an entry of judgment pursuant to Rule 54(b) in the amount of $7,846.93, which consists of $6.789.00 in fees and $1,057.93 in expenses. Given the absence of opposition to the request, and the evidentiary support [49-2] the Defendant/Cross-Plaintiff has provided the Court, including time records and an affidavit signed by the Defendant/Cross-Plaintiff's counsel of record, the Court finds that the request is reasonable. The Court shall therefore grant the motion and enter judgment pursuant to Rule 54(b).

It is therefore hereby ORDERED and ADJUDGED that JUDGMENT on the cross-claim for indemnity in this matter is ENTERED in favor of Robinson Property Group, LLC d/b/a Horseshoe Casino and against Full Service Systems Corporation in the amount of $7,846.93 for attorney's fees and costs. The Cross-Claim asserted by Robinson Property Group, LLC d/b/a Horseshoe Casino against Full Service Systems Corporation for indemnity is DISMISSED WITH PREJUDICE. This judgment is a final judgment with respect to the subject Cross-Claim pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED, this, the 29nd day of August, 2022.

_____
SENIOR U.S. DISTRICT JUDGE